UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:25-CR-100-TAV-DCP |
| PETER K. DADZIE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Peter K. Dadzie's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 21], filed on November 3, 2025.

Defendant requests the Court to continue the relevant deadlines and the trial date, currently set for December 2, 2025 [*Id.* at 1]. In support of his motion, Defendant states that he was recently ordered by the Court to hire counsel following the Court's finding that he does not qualify for court-appointed counsel [*Id.* ¶ 1]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 3]. Defendant's counsel confirmed to the Court via email that Defendant understands his right to a speedy trial and waives those rights for the purposes of the motion to continue.

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a

continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to obtain counsel and otherwise prepare for trial. The Court finds that all of this cannot occur before the December 2, 2025 trial date.

The Court therefore **GRANTS** Defendant Peter K. Dadzie's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 21**]. The trial of this case is reset to **April 28, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on November 3, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Peter K. Dadzie's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 21**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 28, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 3, 2025**, and the new trial date of **April 28, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 27, 2026**;

(5) the deadline for filing motions *in limine* is **April 13, 2026**. Responses to motions *in limine* are due on or before **April 21, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 10, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 17, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge