UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-100-TAV-DCP |
| | ) | |
| PETER K. DADZIE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Peter Dadzie's Motion to Continue Trial and All Other Deadlines [Doc. 32], filed on March 26, 2026.

Defendant asks the Court to continue the April 28, 2026 trial date and the other deadlines set in the Court's last scheduling order [*Id.* ¶ 1]. As grounds, Defendant states the Court substituted retained Attorney Forrest Wallace as his counsel of record on December 19, 2025 [*Id.*; *see* Doc. 31]. Defendant contends that defense counsel needs time to complete his investigation of the case, including investigating up to sixty (60) vehicles that are not charged in the odometer fraud counts of the Indictment but are potentially "relevant conduct" [Doc. 32 ¶ 2]. Counsel also needs time to conduct pretrial litigation, explore a negotiated resolution, and if a plea agreement is not forthcoming, to prepare for trial [*Id.* ¶¶ 3–4]. Counsel has discussed this motion with Defendant, who understands that a trial continuance will result in a later trial date and will affect the speedy trial calculation [*Id.* ¶ 5]. The motion relates that the Government does not object to the requested continuance [*Id.* ¶ 7].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs additional time to investigate the case; prepare, file and litigate pretrial motions; engage in plea discussions; and ready the case for trial. The Court finds that all of this cannot occur before the April 28, 2026 trial date.

The Court therefore **GRANTS** Defendant Dadzie's Motion to Continue Trial and All Other Deadlines [**Doc. 32**]. The trial of this case is reset to **July 21, 2026.** A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on March 26, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Peter Dadzie's Motion to Continue Trial and All Other Deadlines [**Doc. 32**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 21, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **March 26, 2026**, and the new trial date of **July 21, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is reopened and extended to **April 22, 2026**. Responses to motions are due on or before **May 6, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 22, 2026**;

(6) the deadline for filing motions *in limine* is **July 6, 2026**, and responses to motions *in limine* or due on or before **July 14, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **July 7, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 10, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3