UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,        )
                                 )
v.                               )        No. 3:25-CR-100-TAV-DCP
                                 )
PETER K. DADZIE,                 )
                                 )
                Defendant.        )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Peter Dadzie's Motion to Continue Trial and All Other Deadlines [Doc. 34], filed on June 12, 2026.

Defendant asks the Court to continue the July 21, 2026 trial date and the other deadlines set in the Court's last scheduling order [*Id*. ¶ 1]. As grounds, Defendant states the Court substituted retained Attorney Forrest Wallace as his counsel of record on December 19, 2025[1] [*Id*.; *see* Doc. 31]. Defendant contends that defense counsel needs time to complete his investigation of the case, including investigating up to sixty (60) vehicles that are not charged in the odometer fraud counts of the Indictment but are potentially "relevant conduct" [Doc. 34 ¶ 2]. The motion relates that defense counsel received new discovery on June 1, 2026, including documents, spread sheets, and audio recordings [*Id*.]. Counsel also expects the Government will soon disclose recorded witness statements that defense counsel previously reviewed at the United States Attorney's Office [*Id*.]. Counsel needs time to conduct pretrial litigation, explore a negotiated resolution, and if a plea

---

[1] Defendant's motion states defense counsel was substituted on December 17, 2025 [Doc. 34 ¶ 1], but the undersigned entered the Order of substitution on December 19, 2025 [Doc. 31].

agreement is not forthcoming, to prepare for trial [*Id*. ¶¶ 3–4]. Counsel has discussed this motion with Defendant, who understands that a trial continuance will result in a later trial date and will affect the speedy trial calculation [*Id*. ¶ 5]. The motion relates that the Government does not object to the requested continuance [*Id*. ¶ 7].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs additional time to investigate the case, engage in plea discussions, and ready the case for trial. The Court finds that all of this cannot occur before the July 21, 2026 trial date.

The Court therefore **GRANTS** Defendant Dadzie's Motion to Continue Trial and All Other Deadlines [**Doc. 34**]. The trial of this case is reset to **November 17, 2026.** A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on June 12, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Peter Dadzie's Motion to Continue Trial and All Other Deadlines [**Doc. 34**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 17, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

2

(3)  all time between the filing of the motion on **June 12, 2026**, and the new trial date of **November 17, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the last deadline for filing pretrial motions expired on April 22, 2026. If Defendant seeks to file a pretrial motion, he must move for leave to file the motion beyond the deadline, demonstrating good cause and attaching a copy of the proposed motion;

(5)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 16, 2026**;

(6)  the deadline for filing motions *in limine* is **November 2, 2026**, and responses to motions *in limine* or due on or before **November 10, 2026**;

(7)  the parties are to appear before the undersigned for a final pretrial conference on **November 3, 2026, at 1:30 p.m.**; and

(8)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 6, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3